ORIGINAL

Lonnie E. Larson
105 Ehiku Loop #109
Kihei, Hawaii 96753
email:Mtlars@yahoo.com
PH 808-563-0543

IFP SUBM.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 3 2023

at __1__ o'clock and __00__ min. __P__ M
CLERK, U.S. District Court

cc. Filen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LONNIE E. LARSON<br>PLAINTIFF<br><br>vs.<br><br>LANAI COMMUNITY<br>HEALTH & DENTAL CENTER<br>333  6 TH STREET<br>LANAI CITY, HAWAII 96763<br>DEFENDANT | **ORIGINAL**<br><br>Civil No. **C V23 · 00250 LEK KJM**<br><br>COMPLAINT FOR DAMAGES<br>ADA DISCRIMINATION &<br>RETAILATION<br>DENIED REASONABLE ACCOMODATION<br>IN VIOLATION OF ADA<br>INTENTIONAL INFLICTION OF<br>PHYSICAL AND EMOTIONAL<br>DISTRESS<br>EXHIBITS  #1 - #18<br>SUMMONS<br>DEMAND FOR JURY TRIAL |

FSC



Received By Mail
Date JUN 1 3 2023

Mailed On
Date 6/13/2023

LS

I Lonnie E. Larson , Pro-see and Informa-Pauperis Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.) Pro-se Informa-pauperis Plaintiff, Lonnie E. Larson(hereinafter "Larson") brings the alleged actions of Discrimination, Retaliation and Intentional Infliction of Emotional and Physical Distress in Damages against Lanai Community Heath and Dental Center (hereinafter "LCHDC") (collectively the "Defendants") for violations of the Americans with Disabilities Act 1990 ("ADA") as amended by the ADA Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA"), Rehabilitation Act 504 of 1973, Title III ADA Public Accommodation Act and State of Hawaii and anti-discrimination laws against Disabled and Veterans.

## JURISDICTION

2.) This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the and Rehabilitation Act 1973 Section 504, American with Disabilities Act of 1990 and Title III ADA Act Public Accommodations claims present a federal question against the Larson a Disabled and Veteran .

3.) This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (a) (1) because Larson and LCHDC of are citizens of the same State of Hawaii , and the amount in controversy exceeds $75,000 including interest and costs.

1

4.) The Court has jurisdiction over this lawsuit to award declaratory relief pursuant to 28 U.S.C. § 2201 and has jurisdiction to award injunctive release 28 U.S.C. § 2202.

5.) This Court has ancillary and/or supplemental jurisdictional pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state laws causes of action.

## VENUE

6.) Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because "LCHDC" resides in this district and defendants reside in State of Hawaii 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district 28 U.S.C. § 1391(b)(2), because a substantial part of property that is the subject of the action is situated in this district/28 U.S.C. § 1391(b)(3), because "LCHDC" is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## CONDITIONS PRECEDENT

7.) LCHDC would not cooperate or communicate in replies to resolve these dental and financial issues respectfully with USPS Mail letters , Certified USPS Receipt Letter, emails for request of tele-conference and /or in person and/or zoom video conference through Maui Mediation Services etc . Accordingly, "Larson" timely filed *Federal (ADA) Discrimination and Retaliation Lawsuit in Federal District Court of Hawaii Lonnie E. Larson vs Lanai Community Health and Dental Center* prior to the expiration within the two (2) year statue of limitations of LCHDC last letter of June 14, 2021.

2

8.) LCHDC alleged actions included _of "Discrimination and Retaliation" tactics in denying "Reasonable Accommodation" under (ADA) with other alleged "*false pretense schemes*" in fraudulent billing for faulty dental work and failure to repair and/or reimburse along with alleged improper accusations of my behavior with their dental staff in only requesting my dental x-rays be numbered for other dentists and finally in their two (2) re-entry denial requests to LCHDC on July 10,2020 and again on June 14,2021.

## PARTIES

9.) Larson is a resident of the State of Hawaii and resident of Maui County residing Hale Mahaolu-Ehiku Disabled Senior Facility at 105 Ehiku Loop #109, Kihei, Hawaii 96753 filing as *pro-se and forma pauper-plaintiff and is* a permanently disabled veteran 70 years brings this action against LCHDC "collectivity as *"Defendants"* for violations of the American Disability with Disabilities Act ("ADA") as amended by the ADA Amendments Act ("ADAA") , 42. U.S.C.  42 U.S.C. §§ 12101 to 12213 (collectively, "ADA") and Rehabilitation Act of 1973 Section 504, Title III "ADA" Public Accommodation Act and discrimination laws in the State of Hawaii.

10.) Defendant "LCHDC" is a non-profit business entity licensed in the State of Hawaii and a federally subsidized funded health and dental clinic for low income patients including children, seniors and disabled residents of the United States . "LCHDC" whose principal place of business is located at 333 6th Street, Lanai City, Hawaii 96763. LCHDC is qualified to do business under existing laws of the State of Hawaii and the County of Maui .

3

## FACTUAL ALLEGATIONS

11.) "Larson" is a United States of America Veteran of the Armed Services, serving in the Air National Guard and receiving an *Honorable Discharge* in 1996 and resident of Maui County, Hawaii living at Hale Mahaolu Ehiku 105 Ehiku Loop  #109, Kihei, Hawaii 96753. (Exhibit #1 & #2)

12.) In and around February 2002, Larson was working on a Federal and State Department of Agriculture Lower Hamaukua Diversion Ditch Detour project on the Big Island on February 26, 2002, Larson was struck by lightning while working on the Project ("Lightning Strike").

13.) Larson has Permanent  Disability Impairments that "Meets the Definition of Disabled" with the Americans With Disabilities Act of 1990 ("ADA") and is "Disabled and a Veteran", and this designation status is a "protected class" under the ADA Amendments Act of 2008 29 C.F.R. 1630 2 (j) (i)(1) (i)(ii) which states individuals with disabilities are entitled to the ADA's protections. The term "major life activities" includes not only activities such as walking, seeing, hearing, and concentrating, but also the operation of major bodily functions, such as functions of the brain and the neurological system. Larson was diagnosed with neurological, orthopedic, chronic pain, migraine headaches, vertigo issues, heart disease, depression, post traumatic syndrome and sleep apnea by several renowned medical doctors and facilities including, but not limited to, WorkStar Occupational Medicine Clinic Dr. Scott McCaffery, Queens West, Ewa Beach, Hawaii, John Hopkins Hospital- Dr. Donlin Long – Chief of Neurosurgery, all related to the February 26, 2002 Lightning Strike

4

accident. Larson was determined by Social Security Administration (May 13, 2003) and Hawaii Disability Rights Center (May 7, 2003) utilizing medical disability criteria, as being permanently partially disabled from the Lighting Strike of February 26,2002. (Exhibits # 3 & #4)

14.) "LCHDC"  first examined and evaluated Larson on December 5, 2018 at Lanai Dental facility because as it's close location and I had made application to move to Lanai, Hawaii which is in Maui, County through *The Courts of Lanai Apartments* on May 15, 2019. ( Exhibits # 5 & #6)

15.) LCHDC  started refusing to continue treatment on or about April 15,2020 as previous dental work failed and provided dental clinics on Maui , however these clinic were not accepting new patients. Larson and was not allowed *"Reasonable Accommodation" under ( ADA)* for dental appointments even though a "Travel Letter" from Dr. Oakazaki-Straub Medical Oncology Center April 21, 2020 as per his recent negative testing of CVOID for inter-island travel and "Critical Care Travel Letter" with Cancer Surgery Report by Dr. Shane Morita at Queens Hospital March 19, 2020 .
(Exhibit # 7 #8 & # 9)

16.) Dobson Dentistry - Dr. Hannah Lewis on May 8,2020 evaluated my previous dental work done at LCHC started repairs and noted decay distal buccal with pulpal involvement, pain and infection in two (2) teeth #19 and #21 as well cracked crown # 12 with other deficiencies and recommend full treatment plan and referral will be made to Maui Endodontist Dr. Zac Dobson. for the faulty dental work at "LHCDC" (Exhibit # 10 )

5

17.) Maui Endodontist Dr. Zac Dobson to started treatment on May 29, 2020 and other dates and recommended extensive treatment several problematic areas of root canal and treated infections caused by the faulty work and lack of scheduled treatment plan of LCHDC . (Exhibits # 11 )

18.) "LCHDC" on July 10,2020 and again on June 14, 2021 LCHC used "Discrimination and Retaliation" tactics in a *"false pretense scheme"* by denying "Reasonable Accommodation" to return for their federal clinic and interfere with to receiving federal dental benefits at "LCHDC" for dental treatment and/or repair faulty dental work and/or to reimburse me for the faulty dental work in violation as per the American Disability Act 1990 (ADA) and Rehabilitation Act 504 of 1973 and Title III ADA Public Accommodation Act . (Exhibits # 12 & #13)

19.) Furthermore, "LCHDC" *fabricated and falsely* accused me about my behavior with "LCHDC"dentists which were merely my requests June 29, 2020 and July 2, 2020 to have my dental x-rays and numbered so their faulty work could be repaired by a dentist Dr. Lewis and endodontist Dr. Zackery Dobson (Exhibits # 14, #15 & #16)

20.) Finally, LCHC staff conspired with another *"false pretense scheme"* to continue to send me monthly bills on October  6, 2021 and February 4, 2022 after denying to re-establish dental treatment and reimburse me to pay for other dentists costs whom corrected LCHDC faulty work. (Exhibit # 17 )

21.) "LCHDC" would not cooperate or reply to resolve these faulty dental and financial issues respectfully in Certified Receipt Letters, emails for request of tele-conference and /or in person and/or zoom video conference through

6

Maui Mediation Services . Accordingly, Larson timely filed *Federal (ADA) Discrimination and Retaliation Lawsuit in Federal District Court of Hawaii Lonnie E. Larson vs Lanai Community Health and Dental Center* prior to the expiration within the two (2) year statute of limitations June 14, 2021 of denial letter from LHCDC. (Exhibits #18)

22.) Larson was severely harmed as a result of LCHC actions as LCHDC failed dental work compromised and delayed his cancer treatment with Dr. Oakazaki-Straub Medical Oncology Center with Pacific Cancer Center on Maui, Hawaii in 2020 and forced Larson to seek dental treatment from other dentists and was more expensive and painful to remedy their dental mistakes and errors of LCHC and seeks an award of damages in an amount to be proven at trial, including punitive damages against LCHDC.

## COUNT I
## UNLAWFUL DISCRIMINATION UNDER AMERICAN DISABILITY ACT 42 U.S.C§§ 12181et. seq.

23.) Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-22 above.

24.) Plaintiff has disability with the meaning of American with Disabilities Act 42 U.S.C. § 12101 ,et.seq. Plaintiff has a physical or mental impairment that substantially limits one or more of the major life activities of Plaintiff. These activities include walking, working, sleeping, thinking and concentrating. Plaintiff has a record of such impairment. Plaintiff is being regarded as having such an impairment. Plaintiff is qualified individual with a disability within the meaning of ADA.

25.) Plaintiff meets the essential eligibility requirements for protection under the ADA.

26.) Defendants are entities with meaning of America with Disabilities Act.

27.) 28. C.F.R. § 36.201(a) provides that: Prohibition of discrimination. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any government entity who owns ,leases ( or leases to ) ,or operates a place of public accommodation.

28.) Defendants placed undue burdens on Plaintiff that involved significant emotional trama difficulty and/ or expense in violation of ADA. Defendants denied reasonable accommodations for Plaintiff. Defendants discriminated against Plaintiff, a qualified individual on the basis of his disabilities.

29.) Defendants discriminated against Plaintiff, a qualified individual with a Disability shall in violation of the ADA , 42 U.S.C. § 12132 and 28 C.F.R. § 36.201(a), by excluding him from participation in or denying the benefits of services, programs or activities of public entity, or subjected him to discrimination by any such entity by reason of Plaintiff's disability.

30.) 42 U.S.C. § 121 82(b) prohibits participation in unequal benefits: It shall be discriminatory to afford an individual on the basis of a disability with the opportunity to participate in or benefit from a good that is not equal to that afforded to other individuals. (iii) Separate benefit It shall be discriminatory to provide an individual on the basis of a disability

with a good that is different or separate from that provided to other individual, unless such action is necessary to provide the Individual a good, service facility, privilege, advantage or accommodation, or other opportunity that is as effective that provided to others 42 U.S.C. § 12182 (b) (1) (ii) –(iii).

31.) Defendant's facility are places of public accommodations with the meaning of 42 U.S.C. § 12181(7)(G).

32.) Defendant discriminated against Plaintiff on the basis of his disabilities by refusing not to accommodate him at Defendant's facility and in violation of the AD28.) U.S.C. §12132, 42 U.S.C§. 12182(a)&(b), 28 C.F.R §. 36.201 (a) and 28 C.F.R. § 36.301- 36.306.

33.) Defendant's actions are alleged herein have resulted in the will continue to result in and will continue to result in irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT II
## RETALIATION IN VIOLATION OF AMERICAN WITH DISABILITIES ACT 42 §§ U.S.C.1281et.seq.

34.) Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-33 above.

35.) Plaintiff has disability with the meaning of American with Disabilities Act 42 U.S.C. § 12101 ,et.seq. Plaintiff has a physical or mental impairment that substantially limits one or more of the major life activities of Plaintiff. These activities include walking, working, sleeping, thinking and concentrating.

9

Plaintiff has a record of such impairment. Plaintiff is being regarded as having such an impairment. Plaintiff is qualified individual with a disability within the meaning of ADA.

36.) Plaintiff meets the essential eligibility requirements for protection under the ADA.

37.) Defendants are entities with meaning of America with Disabilities Act.

38.) 28. C.F.R. § 36.201(a) provides that: Prohibition of retaliation .

No individual shall be retaliated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any government entity who owns , leases ( or leases to ) ,or operates a place of public accommodation.

39.) Defendants placed undue burdens on Plaintiff that involved significant emotional trama difficulty and/ or expense in violation of ADA. Defendants denied reasonable accommodations for Plaintiff. Defendants discriminated against Plaintiff, a qualified individual on the basis of his disabilities.

40.) Defendants retaliated against Plaintiff, a qualified individual with a Disability shall in violation of the ADA , 42 U.S.C. § 12132 and 28 C.F.R. § 36.201(a), by excluding him from participation in or denying the benefits of services, programs or activities of public entity, or subjected him to discrimination by any such entity by reason of Plaintiff's disability.

41.) 42 U.S.C. § 121 82(b) prohibits participation in unequal benefits:

It shall be discriminatory to afford an individual on the basis of a disability with the opportunity to participate in or benefit from a good that is not equal

10

to that afforded to other individuals. (iii) Separate benefit

It shall be discriminatory to provide an individual on the basis of a disability with a good that is different or separate from that provided to other individual, unless such action is necessary to provide the Individual a good, service facility, privilege, advantage or accommodation, or other opportunity that is as effective that provided to others 42 U.S.C. § 12182 (b) (1) (ii) –(iii).

42.) Defendant's facility are places of public accommodations with the meaning of 42 U.S.C. § 12181(7)(G).

43.) Defendant retaliated against Plaintiff on the basis of his disabilities by refusing not to accommodate him at Defendant's facility and in violation of the AD28.) U.S.C. §12132, 42 U.S.C§. 12182(a)&(b), 28 C.F.R §. 36.201 (a) and 28 C.F.R. § 36.301- 36.306.

44.) Defendant's actions are alleged herein have resulted in the will continue to result in and will continue to result in irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT III

### FAILURE TO PROVIDE REASONABLE ACCOMODATION IN VIOLATION OF AMERICAN DISABILITY

### ACT 42 U.S.C§§ 12181et. seq.

45.) Plaintiff hereby incorporates by reference the factual allegations contained in paragraphs 1-44 above.

46.) Plaintiff has disability with the meaning of American with Disabilities Act 42 U.S.C. § 12101 ,et.seq. Plaintiff has a physical or mental impairment that substantially limits one or more of the major life activities of Plaintiff. These activities include walking, working, sleeping, thinking and concentrating.

11

Plaintiff has a record of such impairment. Plaintiff is being regarded as having such an impairment. Plaintiff is qualified individual with a disability within the meaning of ADA.

47.) Plaintiff meets the essential eligibility requirements for protection under the ADA.

48.) Defendants are entities with meaning of America with Disabilities Act.

49.) 28. C.F.R. § 36.201(a) provides that: Prohibition of retaliation .

No individual shall be denied "reasonable accommodation" against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any government entity who owns ,leases ( or leases to ) ,or  operates a place of public accommodation.

50.) Defendants placed undue burdens on Plaintiff that involved significant emotional trama difficulty and/ or expense in violation of ADA.
Defendants denied reasonable accommodations for Plaintiff. Defendants Discriminated and retaliated against Plaintiff, a qualified individual on the basis of hisdisabilities.

51.) Defendants denied reasonable accommodation against Plaintiff, a qualified individual with a Disability shall in violation of the ADA , 4U.S.C. § 12132 and 28 C.F.R.§ 36.201(a), by excluding him from participation in or denying the benefits of services, programs or activities of public entity, or subjected him to discrimination by any such entity by reason of Plaintiff's disability.

52.) 42 U.S.C. § 121 82(b) prohibits participation in unequal benefits:

It shall be discriminatory to afford an individual on the basis of a disability with the opportunity to participate in or benefit from a good that is not equal to that afforded to other individuals. (iii) Separate benefit

It shall be discriminatory to provide an individual on the basis of a disability with a good that is different or separate from that provided to other individual, unless such action is necessary to provide the Individual a good, service facility, privilege, advantage or "reasonable accommodation", or other opportunity that is as effective that provided to others 42 U.S.C. § 12182 (b) (1) (ii) –(iii).

53.) Defendant's facility are places of public accommodations with the meaning of 42 U.S.C. § 12181(7)(G).

54.) Defendant retailaed against Plaintiff on the basis of his disabilities by refusing not to accommodate him at Defendant's facility and in violation of the AD28.) U.S.C. §12132, 42 U.S.C§. 12182(a)&(b), 28 C.F.R §. 36.201 (a) and 28 C.F.R. § 36.301- 36.306.

55.) Defendant's actions are alleged herein have resulted in the will continue to result in and will continue to result in irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56). Larson hereby incorporates by reference the factual allegations contained in paragraphs 1-55 above.

13

57). This is a claim for intentional infliction of emotional distress. Plaintiff's emotional distress claim is for injuries and damages occurring over the protracted period of time that LCHC refused to pay the financial costs of these violations due to the Plaintiff.

58).Defendant alleged acts throughout this complaint causing harm was intentional or reckless. Defendant acts in faulty dental work removing and dental treatment and/ or refusing to reimburse and continuing to send monthly bills and refusing to reimburse myself was intentional or reckless. These acts were outrageous. These acts caused extreme emotional distress to myself.

59). LCHC alleged conduct constitutes willful and intentional or malicious wrongs. Defendant's conduct was willful, malicious, gross negligence, or reckless disregard for my rights . Defendant acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing.

60). As a result of Defendant's conduct, Plaintiff suffered injury, including mental suffering, mental anguish, mental or nervous shock, or the like. Plaintiff also suffered injury including highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.

61.) Defendant's conduct caused a significant impact upon Larson including ,financial burden ,health and emotional distress so severe that no reasonable person could be expected to endure it.

14

62.) The serious or severe emotional distress caused to Larson was the reasonably foreseeable consequence of the Defendant's intentional acts or omissions.

63.) Defendant is liable to myself for the injuries I suffered for their faulty dental work , failure to correct and /or reimburse Larson.

64.) Larson demands compensatory damages and punitive damages for the injuries suffered caused by Defendant's conduct.

65.) The serious or severe emotional distress caused to myself was the reasonably foreseeable consequence of the LCHC intentional acts or omissions.

## COUNT V
## PUNITIVE DAMAGES

66.) I hereby incorporates by reference the factual allegations contained in paragraphs 1-65 above.

67.) LCHDC acted with alleged discrimination, retaliation and denying reasonable accommodation and/or false pretense schemes and/or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing and Larson is entitled to punitive as well as compensatory damages.

15

WHEREFORE, Larson demands judgment on his claims in the form of declaratory, injunctive, and monetary relief, including compensatory, consequential, special, and punitive damages, in the amount of $200,000.00 to be proved with prejudgment interest, costs, attorney fees, and any other relief that is just and proper.

Respectfully submitted,

DATED: This day 12 , June 2023

Lonnie E. Larson

Plaintiff, pro se

16